IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| URBAN FINANCIAL OF AMERICA, LLC | |
|---|---|
| Plaintiff | CIVIL 15-1405CCC |
| vs | |
| ROSA TRINIDAD FIGUEROA, a/k/a ROSA TRINIDAD, a/k/a ROSA MARIA TRINIDAD, a/k/a ROSA MARIA TRINIDAD FIGUEROA; JANE DOE; CONJUGAL PARTNERSHIP TRINIDAD DOE; UNITED STATES OF AMERICA; JOHN DOE | |
| Defendants | |

**OPINION AND ORDER**

This is a diversity action seeking foreclosure of a reverse mortgage for the alleged failure by defendant Rosa Trinidad Figueroa (Trinidad) to perform an obligation under the mortgage loan, i.e. maintaining insurance on the mortgaged property. Before the Court now is a Motion for Summary Judgment filed by plaintiff Urban Financial of America, LLC (Urban Financial) on September 20, 2017 (**d.e. 44**), which remains unopposed by the plaintiff.

The undisputed facts, taken from the Statement of Uncontested Material Facts which accompanies the Motion for Summary Judgment (d.e. 44-1), follow: On August 15, 2011, Trinidad executed and delivered a mortgage note payable to Senior Mortgage Bankers, Inc., or its order, up to a maximum principal amount of $195,000.00, with interest at 5.060%, (the "Note"). For the purpose of securing the payment of the principal amount of the Note, plus interests in addition to those secured by law, advances under the contract and

CIVIL 15-1405CCC                              2

attorney's fees and costs in the event of judicial collection, defendant executed a mortgage, pursuant to deed number 75 before notary Samuel Soto Alonso, over a property located in E-25 Azucena Street, Jardines de Dorado Development, Dorado, Puerto Rico, which is described in the Registry of Property in the Spanish language as follows:

> URBANA: Solar radicado en el Barrio Higuillar del municipio de Dorado, Puerto Rico, marcado con el número veinticinco del Bloque "E" de la urbanización Residencial Dorado, con un área superficial de cuatrocientos cuarentiún metros con noventa centésimas de metro, en lindes por el NORTE, con la calle número dos, en una distancia de doce metros con setenta centímetros; por el SUR, con una faja de seguridad dedicada a uso público, en dos distancias, la primera de cuatro metros con diecinueve centímetros, y la segunda de nueve metros con veintiún centímetros; por el ESTE, con solar número veinticuatro, en una distancia de treintitrés metros; y por el OESTE, con el solar número veintiséis, en una distancia de treintiseís metros con sesenticuatro centímetros. Enclava una estructura dedicada a vivienda.
>
> This property is recorded at page 1 of volume 104 of Dorado, in the Registry of Property of Puerto Rico, Section IV of Bayamón, property identified with number 4,527. The mortgage is recorded in the Registry of Property of Puerto Rico, Section IV of Bayamón at page 207 of volume 279 of Dorado, 9th inscription.
>
> Plaintiff Urban Financial is now the holder with right to enforce the Note.

Defendant Trinidad is the record owner of the mortgaged property according to the Registry of Property. It was expressly stipulated in the mortgage loan that if any one or more of its terms and conditions were not fulfilled, the whole outstanding balance of the debt would be declared to be immediately due and payable.

Defendant Trinidad failed to perform an obligation under the terms of the loan by not maintaining insurance on the subject property. Due to her noncompliance, plaintiff was forced to advance funds in protection of its

security interest in the amount of $1,150.86, $1,636.00, $824.59, $1,744.43, $1,631.76, and $1,965.60 in order to maintain property insurance on or about December 11, 2012, September 30, 2013, October 22, 2013, August 20, 2014, August 19, 2015, and August 18, 2016, respectively.  The Secretary of Housing and Urban Development approved this occurrence as grounds for acceleration of the debt on or about December 9, 2014.  Thus, as a result of the defendant's failure to maintain insurance on the subject property, plaintiff declared the entire outstanding balance of the debt due and payable.

Trinidad was notified of the default, the acceleration of the mortgage and her options to pay the balance due on the loan.  As of June 21, 2017, defendant owed the following amounts:  Principal Balance $127,961.59; Accrued Interest $372.53; Accrued MIP $92.03; Flood Insurance $3,591.70; for a total amount of $132,017.85.  In addition to the sums above stated, defendant owes $19,500.00 in contractually agreed-upon attorney's fees and costs, for a total amount of $151,517.85.

A court will grant summary judgment if the moving party shows, based on materials in the record, "that there is no genuine dispute as to any material fact and [the moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodriguez-Rivera v. Federico Trilla Reg'l Hosp. of Carolina, 532 F.3d 28, 30 (1st Cir. 2008)).  A fact is material if it has the potential of determining the outcome of the litigation." Id.

At the summary judgment stage, a court must construe the entire record in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor. DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005). The court must disregard conclusory allegations and unsupported speculation. McGrath v. Tavares, 757 F.3d 20, 25 (1st Cir. 2014). The court also shall refrain from making credibility determinations and weighing the evidence. Id.

Plaintiff Urban Financial moved, as it is entitled, for summary judgment on its own complaint. To that end, it proposed uncontested facts. It was Trinidad's responsibility at that point to show that there were issues of material facts that made summary judgment on Urban Financial's claims inappropriate, but she failed to oppose the Motion and there is no counterstatement of material facts. Hence, defendant admitted, for summary judgment purposes, the facts that Urban Financial proposed.

Pursuant to the established facts, there is no doubt as to the validity of the mortgage executed by Trinidad, nor is there any doubt as to her obligations thereunder. It is also undisputed that Trinidad failed to meet an obligation under the mortgage loan which, under its terms, allowed the plaintiff to declare the entire outstanding balance of the debt due and payable. As of the filing of the Motion, Trinidad had not paid said outstanding balance. Under such circumstances, Puerto Rico law provides that the object of the mortgage "may be alienated to pay the creditor." 31 L.P.R.A. § 5002.

CIVIL 15-1405CCC						5

Based on the established facts, this Court has no choice but to GRANT the Motion for Summary Judgment filed by plaintiff Urban Financial LLC (**d.e. 44**). Judgment[1] shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on August 28, 2018.

S/CARMEN CONSUELO CEREZO<br>United States District Judge

---

[1] The action pending as to defendant United States of America will be dismissed, though with no prejudice to its right of redemption pursuant to 28 U.S.C. § 2410(c).